

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James I. Perkins, Member
Board of Managers
Texas State Railroad
Rusk, Texas

Dear Mr. Perkins:          Opinion No. O-5169

Re: The beginning and ending of the
tenure of members of the Board
of Managers of the Texas State
Railroad.

We have your request for an opinion from this depart-
ment with respect to the tenure of members of the Board of
Texas State Railroad.

Section 1 of Senate Bill No. 69, Chapter 3, 38th
Legislature, Regular Session, is as follows:

"The Lieutenant Governor of the State of
Texas is hereby authorized to appoint two men
who are experienced in the management and prac-
tical operation of railroads, and to appoint a
third man as chairman, who together with the
other two appointees shall constitute the Board
of Managers of the Texas State Railroad, which
board shall, in the manner and as provided by
law, exercise full and plenary control and man-
agement of the Texas State Railroad. The mem-
bers of said board shall serve without pay ex-
cept such actual and necessary expenses as may
be incurred by them while in the performance
of their duties as members of said Board of
Managers. And should there become a vacancy
in the Board of Managers thus created, the re-
maining member or members of the board, together
with the Lieutenant Governor of Texas, shall in
writing designate a proper person to fill such
vacancy; which member so selected shall be clothed
with all the powers of the original member whose
place he is selected to fill."

NO COMMUNICATION IS TO BE CONSTRUED ...

Honorable James I. Perkins - page 2

This Section was an amendment of a previous act, and therefore takes the place of the amended statute, and constitutes the authority for the appointment of the Board of Managers.

We are unable to name a specific day on which the tenures began, for the want of authoritative information as to the day on which the first Board was appointed and qualified. The act took effect January 18, 1923. It is silent as to the beginning of the term, and is likewise silent as to the tenure.

Section 30 of Article XVI of the Constitution declares:

"The duration of all offices not fixed by this Constitution shall never exceed two (2) years. * * *."

Members of the Board of Managers of Texas State Railroad are officers, holding an office within the meaning of this Constitution, since they perform some of the governmental functions of the State for a time or tenure, involving the element of permanence, as contra-distinguished from mere employees, and although the provision of Section 30 above quoted does not mandatorily require the tenure, under such circumstances to be full two years, nevertheless we think it is fairly contemplated by Senate Bill No. 69 that such members should hold for the term of two years.

It has been the uniform holding of this department, under circumstances such as are presented here, that the beginning of the term of officers or Board members is the day of the appointment of the first officer or member. The term beginning in this way would necessarily expire at midnight before the same calendar day two years thereafter. In other words, two calendar years after the day of the first appointment the office becomes vacant for the appointment of a successor, the former member, however, by reason of another constitutional provision holding over until the appointment and qualification of his successor. So that, every two years from and after the date of the first appointments to your Board the offices of members thereof will be vacant for appointments to fill such vacancies.

In this connection you are advised that the rule above stated applies to each membership on a board separately considered. That is to say, the terms of a three-member board would begin respectively upon the day of the appointment of a person to that position. The terms of the several members, therefore, do not necessarily begin or end on the same day, but they are, of course, for the same length or duration.

Furthermore, this opinion has no reference to appointments to terms of office whose beginning and ending are fixed by law.

Since we have been unable to secure accurate information as to the beginning date of tenures under this Act, we are unable to be more specific in our answer.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED APR 10, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN